IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Melody Ann Robinson, Daniel Patrick Robinson, a Minor Child, by His Guardian, Kathy Regalman,<br><br>           Plaintiffs,<br><br>v.<br><br>MeadWestvaco Corporation Savings and Employee Stock Ownership Plan for Salaried and Non-Bargained Hourly Employees, and Barbara Jean Merritt,<br><br>           Defendants. | C.A. No.: 2:05-1855-PMD<br><br>**ORDER** |

This matter is before the court upon Defendant Barbara Jean Merritt's ("Merritt") petition for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and Local Rule 54.02.

**BACKGROUND**

Plaintiffs Melody Ann Robinson and Daniel Patrick Robinson ("Plaintiffs") are the natural children of Roy Robinson, a deceased former employee of Westvaco, now merged with MeadWestvaco Corporation.[1]  As an employee, Roy had accrued certain benefits, including an interest in the MeadWestvaco Corporation Savings and Employee Stock Ownership Plan for Salaried and Non-Bargained Hourly Employees ("the plan").  On or about January 28, 1998, the decedent made a written beneficiary designation, whereby he designated his sister, Defendant Merritt, as the sole beneficiary of his interest in the 401(k) plan.

In the underlying lawsuit, Plaintiffs asserted that the decedent obtained a password and

---

[1]  Plaintiff Daniel Patrick Robinson is a minor child and is represented by his mother and guardian, Kathy Regalman.  Daniel's father, Roy, died on March 19, 2004.

2:05-cv-01855-PMD    Date Filed 09/07/06    Entry Number 48    Page 2 of 8

visited the plan's website with the intent to designate Plaintiffs as his named beneficiaries.[2]  In support of their allegations, Plaintiffs asserted that no beneficiary was designated on the website and that the website contained the following statement: "Note: Beneficiary elections previously made on paper will no longer be valid.  The elections made on this site, or through the Benefits Resource Center will take precedence over all other previous beneficiary elections."  Another page of the website, the "Naming a Beneficiary" page, provided: "If you haven't named a beneficiary, and you're not married, your account is paid in this order when you die: (1) Your children, in equal shares; (2) Your parents, in equal shares; (3) Your siblings, in equal shares, and (4) Your estate."  Thus, Plaintiffs argued that when the decedent visited and read the website, he believed that the language on the website meant that his written designation of Defendant Merritt was no longer valid and that Plaintiffs, as his children, were his beneficiaries.  Defendants disagreed with Plaintiffs' interpretation of the website language and denied that the website language had any effect on a previously executed written beneficiary designation.

In any event, Plaintiffs asserted that agents of Hewitt, who were adjudicating Plaintiffs' claims, represented that Plaintiffs were the proper beneficiaries at some point after the decedent's death.  However, Plaintiffs claimed that some time thereafter, these agents wrongfully terminated processing their claim and informed them that Defendant Merritt was the proper beneficiary. On or about December 15, 2004, the plan paid the funds at issue into an account.  On May 4, 2005, the plan froze the account into which it had paid the funds.

On May 19, 2005, Plaintiffs filed an action in the Charleston County Court of Common Pleas

---

[2]  In their lawsuit, Plaintiffs asserted that some time after 1998, MeadWestvaco employed Hewitt Associates ("Hewitt") to administer the website for its benefit plans, and that all dealings by plan participants thereafter occurred on-line via the internet.

2:05-cv-01855-PMD    Date Filed 09/07/06    Entry Number 48    Page 3 of 8

seeking "a declaration that the beneficiaries of the benefits are, in fact: Melody [sic] Ann Robinson, and Daniel Patrick Robinson." (Compl. ¶ 44.) Defendant MeadWestvaco removed the action to this court on June 28, 2005. Thereafter, on July 8, 2005, the court stayed the action pending pursuit by Plaintiffs of the administrative remedies afforded them by the benefits plan. (Def.'s Opp. to Mot. to Lift Stay, Ex. 7.) In a letter dated November 14, 2005, the Plan Administrator informed counsel for both parties that the Benefit Plans Administration Committee had considered Plaintiffs' administrative appeal and determined that "Mrs. Barbara J. Merritt is the rightful beneficiary of the aforementioned account." (Mot. to Lift Stay, Ex. 1.)

After the court lifted the stay, Defendant Merritt filed a motion for summary judgment on February 21, 2006. In her motion, she asserted that the Benefits Plan Administration Committee determined that she was the rightful beneficiary and that no genuine issues of material fact existed. Plaintiffs responded to Merritt's motion for summary judgment, arguing that a genuine issue of material fact existed as to whether the decedent "substantially complied" with changing his beneficiary. Ultimately, on June 23, 2006, this court issued an Order granting Defendant Merritt's motion for summary judgment, finding specifically that the plan did not abuse its discretion when it denied Plaintiffs' claim, that Defendant Merritt was the proper beneficiary, and that no issues of material fact existed with respect to whether the decedent changed his beneficiary designation via the doctrine of substantial compliance.

Subsequently, on July 7, 2006, Defendant Merritt filed the present motion for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Plaintiffs filed a response in opposition to Defendant Merritt's motion, and Merritt filed a reply.

## DISCUSSION

Pursuant to 29 U.S.C. § 1132(g), "the court in its discretion may allow a reasonable attorney's fee . . . ." *See also Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017 (4th Cir. 1993) (construing 29 U.S.C. § 1132(g)). "In *Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210, 1217-18 (4th Cir. 1990), [the Fourth Circuit Court of Appeals] adopted a five-factor test to guide the district court's exercise of discretion in awarding attorney[']s[ ] fees under ERISA." *Quesinberry*, 987 F.2d at 1028-29. These five factors consist of: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of opposing parties to satisfy an award of attorney's fees; (3) whether an award of fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions. *See Reinking*, 910 F.2d at 1217-18 (citing *Iron Workers Local #272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)); *Quesinberry*, 987 F.2d at 1029. "This five factor approach is not a rigid test, but rather provides general guidelines for the district court in determining whether to grant a request for attorney's fees." *Id.* (citing *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 258 (1st Cir. 1986)). Stated differently:

> No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [1132(g)]. In particular types of cases, or in any individual case, however, other considerations may be relevant as well.

*Bowen*, 624 F.2d at 1266. The Fourth Circuit has stated that there is no presumption in favor of a prevailing insured or beneficiary. *See Quesinberry*, 987 F.2d at 1029-30.

Weighing these factors, the court concludes that the award of attorney's fees is not warranted

in this case.  First, the court does not find any evidence that Plaintiffs acted in bad faith or for some ulterior purpose.  Although the court rejected Plaintiffs' contention that they were entitled to the benefits pursuant to the doctrine of substantial compliance, the court's grant of summary judgment in favor of Defendant Merritt does not as a matter of course inculpate Plaintiffs.[3]

Second, the court does not find that the ability of the opposing party to pay supports granting Defendant Merritt's request.  Although Merritt asserts that Plaintiffs received $90,139.64 as proceeds of the wrongful death action and $101,641.09 from their father's estate, the court recognizes the special circumstances presented in this case.  Namely, this case involves a suit brought by (and on behalf of) the decedent's children, who legitimately believed (and continue to believe for that matter) that their father intended to name them as the beneficiaries of his

_____

[3] Defendant Merritt urges the court to infer bad faith on the part of Plaintiffs.  However, Plaintiffs assert that "there is no evidence that they were guilty of 'bad faith' or advancing the matter *sub judice* for some 'ulterior purpose.'" (Pls.' Response at 2.)  *See Childers v. MedStar Health*, 289 F.Supp.2d 714, 718 (D. Md. 2003) ("Bad faith is evidenced by an intentional advancement of a baseless contention . . . made for ulterior purposes.") (internal quotations and citation omitted).  Plaintiffs argue that they had a good faith belief in their position, as supported by the fact that the decedent "obtained a password and visited the website where he was advised that 'beneficiary elections previously made on paper would no longer be valid.'" (Pls.' Response at 3.)  Also, Plaintiffs assert that their aunt told them that the decedent "intended for his account to be paid 'to his children, in equal shares' in accordance with the MeadWestvaco Corporation Benefits Manual." (Pls.' Response at 3.)  In addition, Plaintiffs refer to affidavits submitted by Defendant Merritt, wherein third persons stated that the decedent had indicated to them that "Daniel [Robinson] was already taken care of." (Pls.' Response at 4.)  Merritt submitted these affidavits in connection with Plaintiffs' action contesting their father's last will and testament, which Plaintiffs brought because their father had left them each only $1.00. (Def.'s Reply at 2.)  Plaintiffs argue, "Since the Plaintiffs knew that their father had only left them a '$1.00 bequest' in his will then what else could they expect the reference to 'being taken care of' by their father to apply [to] other than the account which was the subject of the matter *sub judice*[?]" (Pls.' Response at 4.)  Finally, as a practical matter, the court notes that in Regelman's affidavit, she asserts that representatives of MeadWestvaco originally told her that Plaintiffs were the beneficiaries, but then awarded the benefits to Merritt.

MeadWestvaco plan. Furthermore, without getting into too many specifics, the court understands that Plaintiff Daniel Robinson is an eighteen year-old mentally retarded special needs child in the sole care of his mother. According to her affidavit, he never will be able to hold gainful employment, and he must attend day care while she works at the Joye Law Firm, where she earns $1700.00 a month. The court recognizes that Plaintiffs may well be able to satisfy an award of attorney's fees due to the wrongful death recovery and Plaintiffs' successful will contest, however, under the unique circumstances presented by this case, the court does not find that this factor weighs in favor of such an award.

Third, the court does not find that an award of attorney's fees would deter other persons acting under similar circumstances. While the court certainly has an interest in deterring parties from filing frivolous and/or unreasonable cases without foundation, the court does not believe, based on the unique circumstances presented by this case, that Plaintiffs' claims were entirely frivolous or pursued unreasonably. Thus, although the court rejected Plaintiff's contention that they were the beneficiaries pursuant to the doctrine of substantial compliance, the court does not find that this factor weighs in favor on an award of attorney's fees and costs.

The fourth factor for the court to consider is whether Defendant Merritt (the party requesting attorney's fees) sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. Defendant Merritt argues that this factor does not apply in this case, but Plaintiffs assert that it does because Merritt was not seeking to benefit all participants and beneficiaries of an ERISA plan or to resolve a legal question related to ERISA. While Plaintiffs are correct that Merritt was not seeking to benefit all participants and beneficiaries of an ERISA plan or to resolve a legal issue related to ERISA, the court recognizes that the case

6

presented an interesting procedural situation, whereby Plaintiffs filed suit against both Defendant Merritt and the plan (after the plan had granted benefits to Merritt), as opposed to the more typical situation where the fiduciary instigates an interpleader action to determine eligibility between competing claimants. Because this procedural situation necessarily required Merritt to defend herself and not the interests of others, the court finds it questionable whether this factor actually weighs in favor of or against an award of fees. Accordingly, the court does not rely upon this factor in making its determination. *See Bowen*, 624 F.2d at 1266 ("No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [1132(g)].").

Finally, the court considers the relative merits of the parties' positions and determines that this factor weighs in favor of Defendant Merritt, as she prevailed in the underlying suit.[4] In other words, the court recognizes that it ruled in favor of Defendant Merritt in its June 23, 2006 Order, wherein the court determined that the plan did not abuse its discretion in denying Plaintiffs' claims, that Defendant Merritt was the proper beneficiary, and that no genuine issue of material fact existed with respect to whether the decedent changed his beneficiary designation via the doctrine of substantial compliance. Ultimately, however, because the court finds this factor to be the only factor weighing in favor of Defendant Merritt's petition, the court, in its discretion, finds that this factor alone does not justify an award, and therefore, the court denies Defendant Merritt's petition.

---

[4] The court does not agree with Defendant Merritt's characterization that Plaintiffs were "grasping at straws." (Def.'s Mot. at 3.) Rather, as outlined in this Order, the court recognizes that this case presented unique factual and procedural circumstances and that Plaintiffs pursued in earnest their claim that their father intended for them to be the beneficiaries of the MeadWestvaco plan. Because the court found no genuine issue of material fact with respect to the doctrine of substantial compliance does not necessarily mean that Plaintiffs were "grasping at straws."

## CONCLUSION

Therefore, it is **ORDERED**, for the foregoing reasons, that Defendant Merritt's petition for

attorney's fees and costs is hereby **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 7, 2006**